**STATE OF LOUISIANA, Through the DEPARTMENT OF COMMERCE AND INDUSTRY, et al.**

v.

**Caspar W. WEINBERGER, Secretary H. E. W. et al.**

**Civ. A. No. 75–1941.**

United States District Court, E. D. Louisiana.

Sept. 30, 1975.

Donald B. Ensenat, Baton Rouge, La., for plaintiffs.

John R. Schupp, New Orleans, La., for United States.

CHRISTENBERRY, District Judge.

The State of Louisiana, for and on behalf of the National Turtle Farmers and Shippers Association, Inc., John L. Haydel, president of the association, and two individual turtle farmers have brought suit against the Secretary of H.E.W. and the Commissioner of Food and Drug Administration. The plaintiffs are seeking a declaratory judgment as to the validity of a regulation promulgated by the Commissioner and published in 40 Federal Register 22545. This rule became effective on June 23, 1975. This regulation amended Section 1240.64 of Title 21 of the Code of Federal Regulations and it effectively bans the sale and distribution of small turtles.

Plaintiffs allege that the farming and shipping of turtles is a million dollar industry located mainly in Louisiana. They allege that the above regulations will force the farmers and shippers of small turtles to discontinue their livelihood. Louisiana contends that the regulation will deprive the state of a viable revenue generating industry. The Association maintains that it will cease to exist if the regulation is upheld.

This matter is currently before the court on defendant's motion to dismiss the State of Louisiana, through the Department of Commerce and Industry, for and on behalf of the National Turtle Farmers and Shippers Association, Inc., for lack of standing.

The question of standing must be considered in light of Article III of the Constitution which restricts the judicial power to actual "cases" and "controversies." *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Mr. Justice Brennan in *Data Processing Service v. Camp, supra,* and *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970) cited with approval *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) and confirmed what the Court said in *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663. (1962) that "The gist of the question of standing is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which

the court so largely depends for illumination of difficult . . . questions."

■ Standing under 5 U.S.C. § 702 only exists in those who allege that the Secretary's regulation will cause them injury in fact and that this injury will be to an interest arguably within the zone of interests to be protected or regulated by the regulation in question. *Data Processing Service v. Camp, supra; State of Florida v. Weinberger,* 492 F.2d 488 (5th Cir. 1974). The interest alleged to have been injured includes economic values. *Data Processing v. Camp, supra.* It is sufficient if this interest is no more than an "identifiable trifle." *U. S. v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Moreover, an organization whose members are injured is entitled to represent them in an action seeking judicial review, *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1971).

■ The plaintiffs have alleged that they will at least suffer economic injury if they follow these regulations. A failure to abide by them could lead to the imposition of strong sanctions. Upon application of the above principles it seems clear that the plaintiffs have the requisite standing to pursue the matter. They have sufficiently alleged that they were "adversely affected" or "aggrieved" within the meaning of 5 U.S.C. § 702 to withstand defendant's motion to dismiss. Accordingly, defendant's motion to dismiss for lack of standing to sue should be and it is denied.